IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | Bk. Case No. 03-11508 (KJC) |
| ) | Chapter 7 |
| TROLL COMMUNICATIONS, L.L.C., et al., ) | (Jointly Administered) |
| ) | |
| Debtors. ) | **Hearing Date: July 30, 2009 at 4:00 pm** |
| ) | **Objection Deadline: July 23, 2009 by 4:00 pm** |
| ) | |
| MICHAEL B. JOSEPH, as Chapter 7 Trustee for ) | |
| the Estate of TROLL COMMUNICATIONS, LLC, ) | |
| et al., ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. No. 05-51605 (KJC) |
| ) | |
| LINCOLN E. FRANK, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MOTION OF CHAPTER 7 TRUSTEE FOR APPROVAL
OF SETTLEMENT AND COMPROMISE OF ADVERSARY PROCEEDING**

Michael B. Joseph, Chapter 7 Trustee for the Estate of Troll Communications, LLC, et al, (the "Trustee"), by and through his undersigned counsel, files this Motion of Chapter 7 Trustee for Approval of Settlement and Compromise of Adversary Proceeding (the "Motion"), and in support thereof states:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these cases and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are § 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.

**FACTUAL BACKGROUND**

2. On May 16, 2003 (the "Petition Date") a bankruptcy case under Chapter 11 of Title 11, United States Code was filed by the above-captioned Debtor and thereafter converted to a case under Chapter 7 on July 23, 2003. Michael B. Joseph, Esquire, was subsequently appointed the Chapter 7 Trustee in this matter.

3. On or about May 13, 2005, the Trustee filed an adversary complaint against several of the former officers and directors of the debtors, including Lincoln E. Frank, Andrew E. Kaplan, Peter E. Bergen, Daniel Neuwirth, Seth J. Lehr, Scott Perricelli, Curtis Thompson, Jeffrey Lucking and Terry Tuttle alleging breaches of their fiduciary duties. In the same action, the Trustee alleged that certain transfers received by corporate defendants Quad Venture Partners SBIC, L.P., Quad Ventures, LLC and Quad Venture Partners, L.P. from the debtors were avoidable as fraudulent and/or preferential transfers under applicable state and bankruptcy law (the "Adversary Action"). The gross recovery sought by the Trustee in the Adversary Action was $4,311,947.31.

4. The various defendants filed motions to dismiss. Following briefing and argument, the Court issued its Memorandum Opinion dated April 2, 2008 which granted in part and denied in part the defendants' motions to dismiss. In particular, the Court dismissed the Trustee's fiduciary duty claims based on a "deepening insolvency" theory of recovery, but allowed the Trustee to go forward on his claims premised on an alleged breach of the duty of loyalty, as well as on the fraudulent transfer and preference counts. On June 3, 2008, the Court issued an Order dismissing the Trustee's claims against defendants Curtis Thompson, Jeffrey Lucking and Terry Tuttle, with prejudice.

5. The parties subsequently engaged in mediation with William H. Sudell, Jr., Esquire serving as mediator. Through lengthy negotiations, the parties arrived at a settlement which is memorialized in the Settlement Agreement dated July 1, 2009, and attached hereto as Exhibit "A." The terms of the Settlement Agreement provide for a one-time cash payment of $400,000 by the defendants and/or their insurers to the Trustee within ten days of the approval of this Motion. In addition, the defendants (except Bergen) are waiving all claims against the estate including any 502(h) claims, including Quad Ventures' scheduled claim of $1,566,783.74 and defendant LLR Equity Partners' scheduled claim of $1,241,082.74.  In exchange, the defendants and their insurers are receiving a complete release from the Trustee and dismissal of the Adversary Action

6. By this Motion, the Trustee seeks approval of the settlement and compromise of the Adversary Action as set forth in the Settlement Agreement. A proposed order approving the Settlement Agreement is attached hereto.

**BASIS FOR RELIEF**

7. In reviewing a proposed settlement, a court must determine that the settlement is "fair and equitable," Protective Trade Comm'n for Ind. Stockholders of TMT Trailer Perry, Inc. v. Anderson, 390 U.S. 414, 424, 88 S. Ct. 1157, 1163 (1968), and that it is in the best interests of the estate.  See In re: Marvel Entertainment Group, 222 B.R. 243, 249 (D. Del. 1998) (citing In re: Louise's, Inc., 211 B.R. 798, 801 (D. Del. 1997); In re: Best Prods. Co., 168 B.R. 35, 50 (Bankr. S.D.N.Y. 1994).

8. In determining whether the proposed settlement is fair and equitable pursuant to Federal Rule of Bankruptcy Procedure 9019, it should be noted that "[c]ompromises are favored in bankruptcy." Lawrence P. King, Collier on Bankruptcy, ¶ 9019.01 at 9019-2 (15th ed. rev.

1997) (citing In re: Sassales, 160 B.R. 646, 653 (D. Or. 1993)); In re: Martin, 91 F.3d 389, 393 (3d. Cir. 1996).

9. Further, settlements should be approved if they fall above the lowest point on the continuum of reasonableness. See, e.g., In re: Penn Central Transp. Co., 596 F.2d 1102, 1114 (3d Cir. 1979); In re: Pa. Truck Lines, Inc., 150 B.R. 595, 598 (E.D. Pa. 1992), aff'd, 8 F.3d 812 (3d Cir. 1993) (The settlement need only be above the "lowest point in the range of reasonableness."); In re: W.T. Grant Co., 699 F.2d 599, 608 (2d Cir. 1983) ("[The] responsibility of the bankruptcy judge... is not to decide the numerous questions of law and fact raised by the appellants but rather to canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness.").

10. In determining the fairness, reasonableness, and adequacy of the proposed settlement agreements, the Court must consider the following four factors:

    a. The probability of success in the litigation;

    b. The difficulty, if any, to be encountered in the matter of collections;

    c. The complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; and

    d. The paramount interests of creditors.

See e.g., In re Marvel Entertainment Group, 222 B.R. 243, 249 (D.Del. 1998).

## PROBABILITY OF SUCCESS AND DIFFICULTY OF COLLECTION

11. The Trustee analyzed the likelihood of success on the merits based upon the evidence available to support the Trustee's claims and the defenses asserted by the defendants. The Trustee also had to weigh the possibility of collection since the recipients of the alleged preferential or fraudulent transfers was a corporate entity which retained limited assets, and

directors and officers insurance would not provide coverage for avoidance claims.  The bulk of the alleged transfers were contained in a single transaction, a payment of $4,022,591.27, that defendant Quad Ventures received as a result of an equity sale to defendant LLR.  That transfer fell outside of the 90-day preference period, but within the one-year insider preference period.  Accordingly, the burden would have been on the Trustee to establish insolvency at the time of that transfer.  As the Court knows from the Rule 12(b)(6) briefing, the defendants hotly contested the solvency issue as a matter of fact.  In addition, the defendants asserted that payment was subject to the "earmarking" doctrine as an additional defense to the avoidance claims.  Finally, the D&O coverage maintained by the debtors was not sufficient to cover the Trustee's claims for breach of fiduciary duty.  The debtors maintained two "side by side" policies providing $1 million of coverage each.  A good portion of that insurance was being used to cover defense costs, and had the case gone to trial, it would be quite possible that the coverage would have been exhausted or nearly so.  Thus, while the Trustee believes there was a probability of success in this case, there were significant risks both in proving the case and collecting any judgment that may have been realized.

## COST, COMPLEXITY AND DELAY

12.  Further, the Trustee has evaluated the costs and expenses associated with pursuit of litigation.  This is a complex case against sophisticated parties represented by very able defense counsel.  As the motions to dismiss proved, the defendants could be expected to defend their positions zealously, which would have greatly increased the litigation costs to the estate.  As opposed to litigation,  the proposed settlement will provide for immediate liquid funds to the Debtor's estate, without the attendant costs and expenses associated with litigating the underlying claims.  Additionally the claim waivers are significant and will reduce the pool of unsecured

5

claims by approximately 10% without the need to resort to further litigation over claim objections.

## THE INTEREST OF CREDITORS

13. The Trustee believes that the proposed settlement and compromise is in the best interests of the Debtors' estate and the unsecured creditors. The recovery from the proposed settlement and the claim waivers will be obtained in a prompt and efficient manner, with minimal costs. Given the uncertainty of litigation, and the costs and delays associated therewith, the proposed settlement is reasonable, fair and equitable.

## NOTICE

14. Notice of this application has been given to: (a) the United States Trustee;(b) counsel to each of the Settled Preference Action defendants; and (c) all parties who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests this Honorable Court, enter an Order, substantially in the form attached hereto, approving the Settlement Agreement and granting the Trustee such other and further relief as is just and proper.

Date: July 9, 2009                                FERRY, JOSEPH & PEARCE, P.A.

                                                          /s/Rick S. Miller
Rick S. Miller (#3418)
Jason C. Powell, Esquire (No. 3768)
824 Market Street, Suite 1000
P.O. Box 1351
Wilmington, DE 19899-1351
Tel: (302) 575-1555
Fax: (302) 575-1714
Counsel to the Chapter 7 Trustee